Goodridge estate had complied with their contract.. I think such a transfer and new lease were a compliance with the contract, and that the plaintiff was then in default. This being the situation, it was within the right of the trustees and Todd to insist that the plaintiff perform his contract by a day named, giving him a reasonable time to perform, and, upon his failure to perform, declare the contract at an end. The notice that was given to the plaintiff to perform on or before the 22d day of November formally took this position: That the trustees and Todd were ready and willing to perform the contracts, and they required the plaintiff to perform on his part. He made no objection to the fact that the time was not sufficient. He requested no further time, but took his stand upon the position that Todd and the estate of Goodridge were not able to perform, and that he would not accept the transfers and the new lease as a performance of the contract. Under such circumstances, it seems to me that there was no ground upon which the plaintiff could maintain an action for specific performance. There never was any question as to Todd's title to the lease, or as to his power to give a good transfer of the interest in the lease that he had; and that was all he undertook to do.

For this reason, I think the judgment appealed from should be affirmed, with costs. All concur.

(118 App. Div. 25)

In re ELDER.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. MANDAMUS—ANSWER—SUFFICIENCY OF ALLEGATIONS.

In mandamus, averments of the answering affidavit on information and belief do not put in issue the allegations of the relator's petition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 350.]

2. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—DISMISSAL OF OFFICER.

The action of the police commissioner of the city of New York in dismissing a member of the force, in so far as it was based on proceedings had before his predecessor, was of no validity, where the charges were pending at the time the commissioner entered office, and, although tried, there had been no final judgment.

3. SAME—GROUNDS FOR DISMISSAL.

Greater New York Charter, Laws 1901, p. 130, c. 466, § 303, provides that unexplained absence without leave of any member of the police. force for five days shall be deemed a resignation. Held, that the statute does not authorize the dismissal of a member of the force absent because of illness, as the statute contemplates a voluntary and intentional absence.

4. MANDAMUS—GROUNDS—ACTS OF MUNICIPAL OFFICERS.

Where no trial had been had before the police commissioner, who dismissed a member of the force, his remedy was by mandamus, and not certiorari.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 22, 167.]

Appeal from Special Term.

Application by Anthony Elder for mandamus against Theodore A. Bingham, as police commissioner of the city of New York, to compel the reinstatement of relator as a member of the police force. Motion granted, and defendant appeals. Affirmed.

The following is the opinion of Garretson, J., in the court below:

The denials and averments of the answering affidavit submitted by the defendant upon information and belief do not put in issue the allegations of the relator's petition. People ex rel. Kelly v. Common Council, 77 N. Y. 503, 33 Am. Rep. 659; People ex rel. Frost v. N. Y. C. & H. R. R., 61 App. Div. 494, 70 N. Y. Supp. 684; s. c. 168 N. Y. 187, 61 N. E. 172. Hence the positive averment in defendant's affidavit that after he became police commissioner on January 1, 1906, upon the report of the police surgeons of February 6, 1906, and on March 19, 1906, he ordered that the petitioner, "having been absent without leave for more than five consecutive days, has ceased to be a member of the police force and has been dismissed therefrom in accordance with section 303, New York City Charter (Laws 1901, p. 130, c. 466), from March 9, 1906," taken with the allegations of the relator's petition and particularly the allegation therein that the relator's absence was the result of personal illness, and that he did not deem himself absent without leave, because he believed that he had been reported ill, are the only facts essential for consideration upon the merits of this application.

It may be said in passing that the defendant's action, so far as it is alleged to have been based upon the proceedings had before his predecessor, was of no validity. He could not acquire jurisdiction over charges pending at the time he entered upon his office, and which, although tried, had not then passed to final judgment. People ex rel. Cassidy v. Commissioner, etc., 7 App. Div. 144, 40 N. Y. Supp. 102.

The facts appear, therefore, that the defendant assumed to declare relator's office vacant and dismissed him from the force solely for the reason that he was absent without leave for five consecutive days, and the relator shows that during that time he was ill. Absence under the section (303) of the charter, which is substantially the same as section 273 of the consolidation act (Laws 1882, p. 71, c. 410), which is caused by the act of God, does not bring the penalty of dismissal upon the absentee. The absence that will deprive the officer of his place must be voluntary and intentional. People ex rel. Mitchell v. Martin, 143 N. Y. 407, 38 N. E. 460.

Certiorari is not the relator's remedy. No trial was had before the defendant. As the facts are undisputed, the present proceeding is available to the relator, and a peremptory writ should issue in accordance with the prayer of the petition.

Motion granted, with $50 costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Edward Lazausky, for appellant.
Jacob Rouss, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Garretson at Special Term.

---

(118 App. Div. 848)

### DES MOINEAUX v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.

Where plaintiff in a personal injury suit was a married woman 32 years of age, and her injuries were slight, evidence that after the accident she developed a condition of hysteria, which was serious and continued down to the time of trial, and would probably continue for some time to come, no mention being made of this condition to the physician who examined her six months after the accident, and that such hysteria might have resulted from an operation which she had before the accident, was insufficient to authorize a verdict in excess of $1,135.45.

Patterson, P. J., dissenting.